**Roy Allen DEES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–038–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 1983.

Ray Bass, Houston, for appellant.

John Holmes, Jr., Dist. Atty., Don Clemmer, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

Appellant entered a plea of nolo contendere to the offense of possession of marihuana and was found guilty by the trial court which assessed punishment at three days confinement and a fine of $200.00. We reverse.

In his sole ground of error, appellant alleges that the trial court erred in denying his motion to set aside the information for failure to comply with TEX.CRIM.CODE PROC.ANN. art. 32A.02 (Vernon Supp. 1982–1983) (Texas Speedy Trial Act). Based upon the record before us, we agree. Appellant was arrested on September 4, 1982, and charged with the misdemeanor offense of possession of marihuana. The case was set for trial on October 19, 1982, but was dismissed on that date due to the unavailability of a state's witness. On October 21, 1982, the state refiled the case. On November 9, the state filed a written announcement of ready for trial. However, this written motion was filed after the 60 day limit of the act had expired. Interestingly, such motion states only that "the state is ready for trial." Appellant filed his "Motion to Set Aside Information for Failure to Comply with Time Limitations of Article 32A.02 TEX.CODE CRIM. PROC." on December 9, 1982. Hearing on the motion was held on January 3, 1983.

Once appellant files his motion, it becomes the state's duty to declare its readiness then and at the times required by the Speedy Trial Act. Once the declaration is made, conformity with the Act is presumed. The presumption may be rebutted by evidence demonstrating that the state was not ready for trial during the Act's

time limits. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Crim.App.1979).

■ The state's position, as presented in its brief, is "(A)t the hearing on the appellant's Motion to Dismiss based on a speedy trial violation, Assistant District Attorney Clayton Rawlings testified that on October 21, 1982, the State knew where Officer Eble was and how to contact him and that *the State was ready for trial."* (emphasis added). We do not believe the record sustains this position as taken by the State. The prosecutor never *declared,* either orally or in writing, that the state had been ready for trial within the time limits of the Act. The strongest testimony he gave was on cross-examination when the following occurred:

Q. When the case was refiled on October 21st, approximately the forty-fifth day since the original filing, we knew where our witness in the case was, is that correct?

A. Yes.

Q. You knew how to contact him, is that correct?

A. Yes.

Q. Would your position then be that the State was ready for trial on the 21st day of October when the case was refiled?

A. Yes.

We believe the prosecutor's remark it is our "position" that the state was ready did nothing more than say, yes we are arguing that we were ready for trial within the time limits. We cannot equate such a remark with the unequivocal declaration of ready that the statute requires. While it may well be that the state was then in fact ready for trial but that a trial could not be had within the time limits of the Act because of the condition of the trial docket, the record does not so reflect. Compliance with the provisions of the Act is a simple matter and we refuse to read into this record evidence which is not there.

The judgment is reversed and the trial court is directed to dismiss the information.